**In re Adela L. HOLZER, a/k/a Adela La-Fora, Marie Holzer, Maria Lafora and Adela Sanchez-Duchin, Bankrupt.**

**Chester B. SALOMON, as Trustee of the Estate of Adela L. Holzer, Plaintiff,**

v.

**Anuncia HARDT, Defendant.**

**Bankruptcy No. 77 B 1466 (EJR).**

United States Bankruptcy Court, S. D. New York.

July 16, 1981.

Chester B. Salomon, New York City, pro se.

Seavey, Fingerit & Vogel, New York City, for defendant.

EDWARD J. RYAN, Bankruptcy Judge.

On July 1, 1977, an involuntary petition in bankruptcy was filed against Adela L. Holzer and on August 11, 1977, the alleged bankrupt was adjudicated. Plaintiff in the present action is the trustee [1] in the bankruptcy of the estate of Adela L. Holzer. Defendant Anuncia Hardt, is an individual

---

1. Chester B. Salomon was elected trustee on September 30, 1977.

from whom the trustee seeks to recover the amount of $12,000 plus interest from June 9, 1977, constituting an alleged preferential transfer. A trial on the issue of the alleged preferential transfer was had on January 19, 1981, after which the parties submitted their respective proposed findings of fact and conclusions of law.

The testimony and evidence adduced at trial shows that in December 1975 and again in December 1976, the defendant invested moneys with the bankrupt and received receipts for her investments providing for principal and interest repayments. The first investment, in the amount of $17,-000, was made in December 1975 and a receipt dated December 2, 1975, provided for repayment on October 1, 1977. The second investment in the amount of $12,000, part of which sums had been provided by one of defendant's brothers, was made in December 1976 and the once-modified receipt provided for repayment on March 15, 1977.

On or about March 15, 1977, the defendant requested but did not receive payment from the bankrupt for the $12,000 principal and interest due on account of her December 1976 investment. In response to the request for repayment, the bankrupt did not respond that she had the money, but rather, gave the defendant an excuse and told defendant she would have to wait for payment. Between March 15, 1977 and the middle of May 1977, the defendant made frequent calls to the bankrupt seeking payment of the overdue March 15, 1977 obligation. Similarly, defendant was aware that her husband, who had independently invested approximately $25,000 with the bankrupt, was making even more frequent calls to the bankrupt seeking payment of the obligation owed to him.

In addition, during the same period, the defendant had regular conversations with another of her brothers, Pablo Redondo, and his wife, both of whom were employed by the bankrupt. During these conversations, the defendant's brother informed her that other investors had been calling the

bankrupt for money and that the bankrupt had refused to answer their telephone calls. Also, defendant's brother informed defendant that he had not been paid his salary by the bankrupt and that he was worried about the moneys that she owed to him.

On or about May 9, 1977, the defendant received a check from the bankrupt in the amount of $5,000. Subsequent to this initial payment, defendant received two cash payments in the amounts of $5,000 and $2,000, respectively. The first cash payment was followed by a letter dated June 9, 1977, in which the bankrupt stated that she had advanced the $10,000 due defendant from bankrupt's own funds and that no further such advances were then possible. The subsequent second cash payment was made without interest.

Since the involuntary petition against Adela Holzer was filed on July 1, 1977, the payments made by the bankrupt to the defendant during the months of May and June were violative of the Bankruptcy Act.[2] The payments were made within four months of the date of bankruptcy. The property transferred by the bankrupt was property belonging to the bankrupt. The moneys were paid on account of an antecedent debt due defendant, to wit: the debt incurred by bankrupt in December 1976 to repay in full plus interest on March 15, 1977, the sum of $12,000. The moneys transferred by bankrupt to the defendant enabled defendant to claim a greater percentage of her debt than other creditors of the same class in the instant bankruptcy proceeding.

At the time of the transfers the bankrupt was insolvent; furthermore, the defendant's own testimony and the evidence introduced at trial prove that at the time of the transfers, the defendant had reasonable cause to believe that the bankrupt was insolvent.

Although the defendant contends that she was not aware of the bankrupt's financial condition until she read about Ms. Holzer in a July 1977 newspaper article, this

2. Bankruptcy Act § 60, 11 U.S.C. § 96 (as amended 1973).

court finds that the defendant had sufficient knowledge of the bankrupt's affairs and pecuniary condition to put an ordinary prudent person upon inquiry. The defendant is chargeable with knowledge of the facts which such an inquiry would have reasonably been expected to disclose. See, 3 (Part 2) *Collier on Bankruptcy* ¶ 60.52—¶ 60.54, pp. 1055–1083 (14th ed.). Thus, the transfers are voidable and may be properly set aside by the trustee.

The transfers to Anuncia Hardt, totaling $12,000 plus interest from June 9, 1977, are invalid and the trustee is entitled to recover said amount as judgment against the defendant.

Settle an appropriate order and judgment.